JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAVO SOLUTIONS, LLC<br><br>*Plaintiff*,<br><br>v.<br><br>KINGSTON TECHNOLOGY COMPANY, INC.,<br><br>*Defendant*. | Case No. 8:14-cv-01352-JLS-KES<br>Honorable Josephine L. Staton<br><br>**JUDGMENT** |

A jury trial commenced in this case on March 4, 2020. On March 13, 2020, the jury returned a unanimous verdict finding infringement of claims 1, 4, and 24 of the '544 patent, willful infringement, and damages in the amount of $7,515,327.40. Prior to the verdict, the Court granted Pavo's motion for partial summary judgment of no unenforceability. (Doc. 199 at 6-9.) After the verdict, the Court also granted Pavo's Rule 50(b) motion of no invalidity (Doc. 410 at 6-7) and granted in part Pavo's motion for enhanced damages, awarding Pavo an enhancement of 50% of the compensatory damages assessed by the jury in the amount of $3,757,663.70. (Doc. 419.) Finally, the Court awarded Pavo pre- and post-judgment interest. (Doc. 425.)

Pursuant to Rule 58 of the Federal Rules of Civil Procedure and in accordance with the jury's verdict, the Court's orders, and the entirety of the record available to the Court, the Court hereby **ORDERS** and **ENTERS JUDGMENT** as follows:

1. Defendant Kingston Technology Company, Inc. ("Kingston") has infringed claims 1, 4, and 24 of U.S. Patent No. 6,926,544 ("'544 patent");
2. Kingston's infringement was willful;
3. Claims 1, 4, and 24 of the '544 patent are not invalid;
4. The '544 patent is not unenforceable on the grounds of estoppel, waiver, equitable estoppel, unclean hands, failure to comply with 35 U.S.C. §§111 or 116, or inequitable conduct.;
5. Pavo is awarded compensatory damages from and against Kingston in the amount of $7,515,327.40;
6. Pavo is awarded enhanced damages from and against Kingston of 50% of the compensatory damages for Kingston's willful infringement in the amount of $3,757,663.70;
7. Pavo is awarded pre-judgment interest applicable to the compensatory damages award, at the prime rate, from the date of first infringement, in May 2010, until March 16, 2021 (the date of entry of judgment), in the amount of $2,286,238.17;

8. Pursuant to 28 U.S.C. § 1961, the Court awards post-judgment interest applicable to the compensatory damages award, calculated in the manner set forth in 28 U.S.C. § 1961(a), from the date of entry of judgment until paid;

9. Pursuant to Federal Rule of Civil Procedure 54(d), Local Rule 54-1, and 28 U.S.C. § 1920, Pavo is the prevailing party in this case and shall recover its costs from Kingston, and Pavo is directed to file its proposed bill of costs; and

10. All other relief requested by either party now pending before the Court and not specifically awarded herein is **DENIED.**

All other requests for relief regarding the above-captioned case, including pursuant to Fed. R. Civ. P. 50 and 59 and 35 U.S.C. §§ 284 and 285, shall be filed within 28 days of this Judgment.

The Clerk is directed to **CLOSE** the above-captioned case.

DATED: March 16, 2021

JOSEPHINE L. STATON

_____
Hon. Josephine L. Staton
United States District Judge